# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                :

IN RE AMERICAN REALTY CAPITAL   :
PROPERTIES, INC. LITIGATION     :

This Document Relates To:         :    Civil Action No. 1:15-mc-00040-AKH
ALL ACTIONS              :

                :    <u>CLASS ACTION</u>

-------------------------------------------------------x
                :

JET CAPITAL MASTER FUND, L.P.,   :
et al.,                    :
          Plaintiffs,   :

   vs.                :    Civil Action No. 1:15-cv-00307-AKH

AMERICAN REALTY CAPITAL     :
PROPERTIES, INC., et al.,       :

         Defendants.   :

-------------------------------------------------------x    **ORAL ARGUMENT REQUESTED**

 

**DEFENDANT BRIAN S. BLOCK'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO EXCLUDE OPINIONS OFFERED BY
CLASS AND JET CAPITAL PLAINTIFFS' PROFFERED EXPERTS
<u>STEVEN P. FEINSTEIN AND ZACHARY NYE</u>**

STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Brian S. Block*

Defendant Brian S. Block, through undersigned counsel, respectfully submits this memorandum of law in support of his motion to exclude opinions of Class Plaintiffs' proffered expert, Steven P. Feinstein, and Jet Capital Plaintiffs' proffered expert, Zachary Nye (the "Motion").

## PRELIMINARY STATEMENT

On October 29, 2014, following the first two months of an internal investigation conducted by ARCP's Audit Committee regarding allegations first reported in September, ARCP disclosed preliminary results of the investigation in a Form 8-K (the "October 29 8-K"). The October 29 8-K corrected what it referred to as errors in ARCP's Q1 and Q2 2014 AFFO and AFFO per share calculations, along with an error in its Q2 2014 net loss calculation, amounting to a total of $0.03 AFFO per share and $0.01 net loss per share. It also disclosed a host of other information, including: (1) the Audit Committee's belief that the errors in Q2 2014 were intentional; (2) the resignations of Mr. Block and Lisa McAlister; (3) the existence of the investigation and that it was ongoing; and (4) non-reliance on previously issued financials, noting, however, that no additional errors had come to the Audit Committee's attention. The price of ARCP's common stock declined by $2.38 per share that day.

Notwithstanding the limited scope of what this disclosure corrected, Class and Jet Capital Plaintiffs' (collectively, "Plaintiffs") loss causation and damages experts, Feinstein and Nye, opine that the October 29 8-K corrected all of Plaintiffs' alleged misstatements. Feinstein and Nye's opinions are preposterous. Other than the $0.03 AFFO per share and $0.01 net loss per share, no errors were corrected on October 29, 2014. All other misstatements alleged by Plaintiffs are based on information first disclosed on March 2, 2015, when ARCP filed its restated financials. For this and the reasons set forth below, including those in Defendants'

memoranda of law in support of their motions to exclude Feinstein ("Defendants' Class Brief")
and Nye ("Defendants' Jet Brief"), which Mr. Block incorporates by reference in part as detailed
below, Feinstein and Nye's opinions should be excluded in their entirety.

## PROCEDURAL BACKGROUND

In June 2017, Mr. Block was convicted of securities fraud for an AFFO accounting
decision made the night before ARCP filed its Q2 2014 Form 10-Q on July 29, 2014.  He is
presently challenging that conviction in two separate appeals, which were consolidated before
the Second Circuit on March 28, 2019.  *United States v. Block*, Nos. 17-3857, 19-682 (2d Cir.
Mar. 28, 2019) (Dkt. No. 17).

On May 10, 2019, this Court granted Plaintiffs' motion for summary judgment against
Mr. Block, applying collateral estoppel based on his conviction, as to the elements of falsity,
scienter, and "in-connection-with," leaving the elements of materiality, reliance, loss causation,
and damages for the jury.  (May 10, 2019 Order, Dkt. No. 851, at 10-11.)  Expert discovery has
concluded, and trial is scheduled to begin on January 21, 2020.

## ARGUMENT

Mr. Block hereby incorporates by reference Sections I.B., III, and IV of Defendants'
Class Brief, as well as the portions of Section I of Defendants' Jet Brief that refer to the
aforementioned sections of Defendants' Class Brief, except any asserted connection between the
disclosure of intentional conduct and the decline in ARCP's securities prices on October 29,
2014.

Mr. Block also incorporates by reference the arguments set forth in Section I.A. of
Defendants' Class Brief, specifically, that Feinstein's calculation of inflation does not reflect
what was disclosed by ARCP on October 29, 2014, Plaintiffs' allegations, or the facts of this

case.  Mr. Block similarly incorporates by reference the arguments set forth in Section I of Defendants' Jet Brief that refer to the aforementioned portions of Section I.A. of Defendants' Class Brief.  Mr. Block does not, however, adopt all of the factual assertions in Section I.A. of Defendants' Class Brief, such as the purported relationship between the disclosure of intentional conduct and the decline in ARCP's stock price on October 29, 2014, or any implication that such intentionality could have inflated ARCP's stock price at any point during the class period.  Mr. Block contends that the way in which a misstatement is made, whether intentionally, accidentally, or otherwise, cannot inflate the price of a security under the proper definition of inflation for purposes of calculating damages in a securities fraud lawsuit for the reasons explained by Dr. Sanjay Unni.  (*See* Dkt. No. 1008, Declaration of Debra J. Wyman in Support of Class Plaintiffs' Motions In Limine, Ex. 48 (June 3, 2019 Expert Report of Sanjay Unni, Ph.D.), ¶¶ 7.c., 38-52, 110-12.)

In addition, Mr. Block incorporates by reference Section II of Defendants' Class Brief, as well as the arguments in Section I of Defendants' Jet Brief that refer to Section II of Defendants' Class Brief, except any asserted connection between the disclosure of intentional conduct and the market's expectation of what Feinstein refers to as "inextricable ramifications" and Nye refers to as "foreseeable consequences."  Mr. Block instead contends that any price declines caused by such ramifications or consequences are not recoverable because: (1) the ramifications or consequences cannot inflate the price of a security for the reasons explained by Dr. Unni (*see id.*); (2) the ramifications or consequences are not corrective disclosures; and (3) the full price impact of the October 29 8-K would have occurred on October 29 in an efficient market.

Finally, Mr. Block incorporates by reference Section II of Defendants' Jet Brief, and further contends that, for the reasons set forth in Dr. Unni's report, the way in which a misstatement

was made, whether intentionally, accidentally, or otherwise, cannot inflate the price of a security

at the time of purchase.  (*See id.*)

## <u>CONCLUSION</u>

For the foregoing reasons, including those incorporated by reference herein, Mr. Block's

Motion should be granted.

Dated:  August 5, 2019                    Respectfully submitted,
       New York, NY


               */s/ Michael C. Miller*
               Michael C. Miller
               Michael G. Scavelli
               Khristoph A. Becker
               Michael A. Keough
               STEPTOE & JOHNSON LLP
               1114 Avenue of the Americas
               New York, NY 10036
               Telephone:  212-506-3900
               Facsimile:  212-506-3950

               *Counsel for Defendant Brian S. Block*