**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | Civil Action No.: 1:15-mc-00040-AKH <br><br> <u>CLASS ACTION</u> |
| JET CAPITAL MASTER FUND, L.P., et al., <br><br>            Plaintiffs, <br><br>   vs. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., <br><br>            Defendants. | Civil Action No. 1:15-cv-00307-AKH <br><br><br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 5 TO PRECLUDE EVIDENCE THAT
<u>ARCP'S ADMISSIONS IN THE RESTATEMENTS ARE INCORRECT</u>**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT BACKGROUND ......................................................................................................4

ARGUMENT ..................................................................................................................................5

I.    PLAINTIFFS' MOTION DEMONSTRATES THAT THE RESTATEMENT MUST BE EXCLUDED OR THE OPPOSING PARTIES MUST BE SEVERED ...........5

II.   PLAINTIFFS' CLAIM THAT THE RESTATEMENT CONCLUSIVELY PROVES FALSITY IS FACTUALLY AND LEGALLY UNSUPPORTED AND CANNOT JUSTIFY PRECLUSION OF THE OPPOSING PARTIES' DEFENSES AT TRIAL ......7

    A.   Plaintiffs' Effort to Preclude the Opposing Parties' Defenses at Trial Is Without Precedent and Not Supported by the Decisions Cited in the Motion ........7

    B.   The Restatement Is the Result of a Flawed Process and Is Not Persuasive Evidence that the Original Disclosures Were False or Misleading .........................9

    C.   Plaintiffs' Contention that the Restatement Proves the Falsity of the Original Disclosures Is Unsupported By the Accounting Rules, the Record, or the Law ...10

III.  PLAINTIFFS' 'FAIRNESS' APPEAL CONFIRMS THAT THE RESTATEMENT SHOULD NOT BE ADMITTED IN EVIDENCE AND THAT THE OPPOSING PARTIES SHOULD BE PERMITTED TO CHALLENGE THE RESTATEMENT.......12

CONCLUSION.............................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abascal v. Fleckenstein*,
  820 F.3d 561 (2d Cir. 2016) ...................................................................................................5

*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*,
  324 F. Supp. 2d 474 (S.D.N.Y. 2004) ....................................................................................8

*In re BISYS Sec. Litig.*,
  397 F. Supp. 2d 430 (S.D.N.Y. 2005) ....................................................................................8

*Cestone v. Gen. Cigar Holdings, Inc.*,
  No. 00 Civ. 3686, 2002 WL 424654 (S.D.N.Y. Mar. 18, 2002) .............................................7

*Colonial Funding Network, Inc. v. McNider Marine, LLC*,
  No. 17 Civ. 2644, 2017 WL 5633160 (S.D.N.Y. Nov. 21, 2017) ...........................................6

*S.E.C. v. Kelly*,
  683 F. Supp. 2d 276 (S.D.N.Y. 2009) ....................................................................................8

*In re Monster Worldwide, Inc. Sec. Litig.*,
  251 F.R.D. 132 (S.D.N.Y. 2008) ............................................................................................8

*Pavone v. Puglisi*,
  No. 08 Civ. 2389, 2013 WL 245745 (S.D.N.Y. Jan. 23, 2013) ..............................................8

*Stocke v. Shuffle Master, Inc.*,
  615 F. Supp. 2d 1180 (D. Nev. 2009) ...................................................................................12

*Torres v. Gristede's Operating Corp.*,
  628 F. Supp. 2d 447 (S.D.N.Y. 2008) ....................................................................................6

*In re Veeco Instruments, Inc. Sec. Litig.*,
  235 F.R.D. 220 (S.D.N.Y. 2006) ............................................................................................8

Defendants AR Capital, LLC, ARC Properties Advisors, LLC, Nicholas S. Schorsch, Edward M. Weil, Jr., Peter M. Budko, William M. Kahane, Brian D. Jones, Scott J. Bowman, David S. Kay and Lisa Beeson (the "Opposing Parties"), submit this memorandum to law in opposition of Plaintiffs' motion *in limine* No. 5 (the "Motion," cited as "Ps' Mem.").

## PRELIMINARY STATEMENT

Plaintiffs' Motion confirms what already was obvious when the Opposing Parties moved to exclude evidence of the hearsay conclusions of the Audit Committee of American Realty Capital Properties, Inc. ("ARCP" or "the Company"): Plaintiffs' intention at trial is to introduce into evidence ARCP's amended 2013 10-K and 2014 10-Qs (collectively, the "Restatement") and related documents, all of which reflect the outcome of a multi-month investigation conducted by the Audit Committee, which was assisted by outside counsel and forensic accountants, and ask the jury to simply adopt those prior conclusions. The Motion makes plain Plaintiffs' view that this evidence is decisive—the Motion argues that the Restatement "***in and of itself*** establishes that the Company's prior SEC filings contained material GAAP errors" (Ps' Mem. 7 (emphasis in original)), and asserts that Defendants "understand" that the Restatement's admission "effectively concedes the falsity elements" of Plaintiffs' claims. (*Id.* at 4.) Indeed, the Motion's central argument is that any contentions made or evidence presented at trial about the original accounting work and financial disclosures that are ***contrary*** to the Restatement will "mislead the jury" (*id.* at 6), and thus the Opposing Parties should be precluded from mounting such defenses at trial.

Remarkably, Plaintiffs offer their views on the preclusive effect the Restatement should have on the intended defenses of all "Defendants" (*id.* at 4), without once acknowledging the undisputed fact that the Opposing Parties ***had nothing whatsoever*** to do with the Restatement and ***vehemently disagree*** with its contents. The Restatement cannot possibly be an admission by any Opposing Party. Indeed, nowhere does the Motion mention that the Opposing Parties have

1

spent more than a year in discovery (where not barred by other parties' privilege assertions) establishing that the Restatement is riddled with errors, reflects an inadequate investigation, and is irreversibly tainted by the financial incentives of a conflicted individual who prepared it.  Also absent is any effort to address the inadmissibility of this hearsay and unfairly prejudicial evidence, as detailed in the Memorandum of Law in Support of Motion *in Limine* to Exclude Inadmissible Evidence or, in the Alternative, for Severance of Claims or Bifurcation of Trial, ECF No. 1152, dated July 31, 2019 (the "Omnibus Evidentiary Motion," cited as "Omnibus Mem.").

**Exclusion or Severance**.  Contrary to Plaintiffs' Motion, the Restatement should be excluded at trial.  It is not admissible.  It is highly prejudicial—Plaintiffs' Motion makes crystal clear their view of the effect it will have on the jury—and will require prolonged and distracting "mini trials" into the inadequacies of the Audit Committee investigation and related processes.  It is confusing to jurors who are already being asked to assess disclosures in multiple 10-Ks and 10-Qs.  It also is unfair to the Opposing Parties, who were unable to obtain full discovery into the Audit Committee's processes that resulted in the Restatement.  And its exclusion at trial will not prejudice Plaintiffs, who retain the ability to present the jury with all documentation related to the original disclosures and to cross-examine all relevant witnesses about those disclosures.  (*See* Omnibus Mem. 17–23.)  The Second Circuit has held that hearsay summaries of out-of-court investigations that reflect interpretation of the same evidence to be presented at trial, such as the Restatement, usurp the role of the jury and should be excluded.  Should this Court reach a contrary conclusion, however, the claims against the Opposing Parties must be severed or tried separately to prevent irreparable prejudice caused by introduction of purported "conclusions" that are ***not the Opposing Parties' conclusions***, and to avoid inevitable juror confusion resulting from the complex limiting instructions that will be required at trial.  (*See infra* Section I.)

**Denial of Plaintiffs' Motion**.  Even were the Court to reserve judgment on these issues, at minimum it should deny Plaintiffs' effort to bar the Opposing Parties from arguing to the jury that the Restatement is not evidence of falsity.  For one, Plaintiffs' argument to preclude Defendants from mounting any defense of the original accounting work and disclosures is without any legal basis, and finds no precedent in the cited decisions.  The Motion is an improper attempt to obtain a backdoor summary judgment ruling, and should be rejected.  Plaintiffs' position also rests on the false premise that the Restatement reflects a fair and accurate set of conclusions devoid of error or bias.  In fact, the Opposing Parties already have identified many such errors, including inconsistent applications of generally accepted accounting principles ("GAAP") and failures to locate readily available documents.  Discovery also has shown that a conflicted individual made tens of millions of dollars in Restatement adjustments in service of his own personal financial interests.  Finally, Plaintiffs rely on an overstated interpretation of accounting rules—namely, that each adjustment in the Restatement is definitive proof of a prior material error.  That is incorrect and also disregards record evidence establishing that many of the Restatement adjustments resulted from discretionary decisions made by successor management.  (*See infra* Section II.)

**Fundamental Fairness**.  Plaintiffs' appeal to "fairness" should be swiftly rejected.  It was not the Opposing Parties that asserted privilege over the Audit Committee investigation, and thus there is no basis to preclude them from making their case at trial.  Nor should Plaintiffs be permitted to remedy their inability to prove their allegations using contemporaneous evidence—all of which was made available during discovery—through admission of unfairly prejudicial hearsay.  If anything, fairness demands that the Opposing Parties not be forced to defend against the Restatement's criticisms of the original accounting when the Opposing Parties had ***no responsibility for, and in fact disagree with,*** those criticisms.  (*See infra* Section III.)

3

\*          \*          \*

The trial in this case should evaluate contemporaneous evidence of the alleged wrongdoing, not after-the-fact hearsay analysis of events. Put simply, there can be a trial at which the evidence is limited to that actually in existence when the accounting determinations and financial disclosures at issue were made, at the end of which the jury will decide whether the disclosures were false and misleading and whether the determinations were made in good faith. Or there can be a trial at which Plaintiffs present the jury with the ex-post conclusions of an investigation completed months after the end of the class period (and months after any purported losses were suffered), to which Defendants will respond with extended inquiries into the appropriateness of that investigation, the incentives of the investigators, and the meaning that should be attributed to documents that never existed when the alleged false statements were made, at the end of which the jury will be forced to re-evaluate an entire investigation that took place outside the courtroom and has remained shrouded in secrecy. The Court should ensure that the trial concerns contemporaneous evidence by denying Plaintiffs' Motion and granting the Omnibus Evidentiary Motion, or the Court should sever all claims against the Opposing Parties.

## RELEVANT BACKGROUND

The full background concerning the Restatement and related documents, including a letter sent by ARCP to the SEC in January 2015 (the "SEC Letter") and notes taken by Grant Thornton auditors of statements made by the Audit Committee's outside counsel (the "GT Notes"), is set forth in detail in the Omnibus Evidentiary Motion. In brief, as relevant here:

Between September 2014 and March 2015, ARCP's Audit Committee conducted an internal investigation into various accounting matters, assisted by outside counsel and forensic accountants. (Omnibus Mem. 5–9.) Both the Chair of the Audit Committee and Grant Thornton, ARCP's outside auditors, confirmed that this investigation resulted directly in the Restatement and

4

related documents, including the SEC Letter. (*Id.*) In addition, from time to time during the course of the investigation, outside counsel to the Audit Committee met with Grant Thornton auditors to convey the preliminary conclusions and ongoing work product of the Audit Committee and its advisors, which were recorded by those auditors in the GT Notes. (*See id*. 7–8.) At the time the Restatement and the SEC Letter were created, none of the Opposing Parties had any role or responsibilities at ARCP. (*See* TAC, ECF No. 312, ¶¶ 27–29, 32, 36; Omnibus Declaration of Audra J. Soloway ("Soloway Decl."), ECF No. 994, Ex. Y.) During discovery, ARCP invoked privilege in response to attempts by parties, including Plaintiffs and the Opposing Parties, to elicit testimony about the processes that led to the Restatement. (*See* Omnibus Mem. 8–9.)

## ARGUMENT

### I. PLAINTIFFS' MOTION DEMONSTRATES THAT THE RESTATEMENT MUST BE EXCLUDED OR THE OPPOSING PARTIES MUST BE SEVERED

Plaintiffs' Motion is clear-cut evidence that Plaintiffs' intention at trial is to present the jurors with the purported conclusions of an out-of-court investigation and simply ask them to adopt those same conclusions as their own. (*E.g.*, Ps' Mem. 4 (the Restatement "effectively concedes the falsity elements of Class Plaintiffs' Rule 10(b) and § 11 claims").) The Court should preclude Plaintiffs from doing so, or should sever all claims against the Opposing Parties.

For one, Plaintiffs are not permitted to usurp the jury's role in evaluating the contemporaneous accounting determinations and disclosures at issue through the introduction of hearsay conclusions of the Audit Committee reached months after the fact in the form of the GT Notes, the SEC Letter or the Restatement. The Second Circuit has held that such summary conclusions, made months later through the process of interpreting "interviews and then creating a summary," are inadmissible hearsay. *Abascal v. Fleckenstein*, 820 F.3d 561, 565–66 (2d Cir.

2016); *see also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (excluding report that "summarize[d] the findings of an internal investigation").

Further, admitting this evidence at trial will require the Opposing Parties to respond through lengthy inquiries into the process by which these conclusions were reached, including eliciting evidence of the unreliability of adjustments in the Restatement and the conflicts and biases of those responsible for the adjustments.  (*See infra* Section II.)  Avoidance of such "mini trials" is an independent basis for exclusion of this evidence (*see* Omnibus Mem. 20–22), as is the fact that such "mini trials" would place the Opposing Parties in the unfair position of having to respond to the Restatement despite not obtaining full discovery into it.  (*See id*. at 23.)

Were the Court to permit Plaintiffs to introduce the Restatement, SEC Letter or GT Notes against some parties, however, the only proper remedy is to sever claims or bifurcate trial to prevent the introduction of such inadmissible and unfairly prejudicial evidence against the Opposing Parties.  (*See id*., Sections I.B., IV, V.)  Plaintiffs' Motion again shows why: it reflects a consistent effort to group together all Defendants in a transparent attempt to improperly bind the Opposing Parties to statements **they never made** and actions **they never undertook**.  For example, Plaintiffs complain that "defendants now completely disavow" the Restatement (Ps' Mem. 4)—but the Opposing Parties never "avowed" such statements and cannot "disavow" statements that they never made.  Similarly, Plaintiffs claim that "defendants have successfully asserted privilege" (*id*. at 1)—but the Opposing Parties never did so and in fact were prevented from inquiring into the investigation in discovery.  (Omnibus Mem. 9–11.)  As the Motion demonstrates, Plaintiffs intend to deploy the Restatement and related documents at trial to "paint[] with a broad brush" by insinuating that the Opposing Parties are bound by the conclusions in those materials, rather than submitting "individualized proof" of liability.  *Colonial Funding Network, Inc. v. McNider Marine,*

6

*LLC*, No. 17 Civ. 2644, 2017 WL 5633160, at *6 (S.D.N.Y. Nov. 21, 2017).  In such circumstances, severance of claims against the Opposing Parties or bifurcation at trial is necessary to "avoid prejudice and possible jury confusion."  *Id.*; *see also Cestone v. Gen. Cigar Holdings, Inc.*, No. 00 Civ. 3686, 2002 WL 424654, at *3 (S.D.N.Y. Mar. 18, 2002) (granting severance of claims because the "potential inferences that the jury may draw . . . from the strength of the respective cases could unfairly prejudice the defendants") (internal quotations omitted).

## II. PLAINTIFFS' CLAIM THAT THE RESTATEMENT CONCLUSIVELY PROVES FALSITY IS FACTUALLY AND LEGALLY UNSUPPORTED AND CANNOT JUSTIFY PRECLUSION OF THE OPPOSING PARTIES' DEFENSES AT TRIAL

Other than proving that (i) exclusion of the Restatement, the SEC Letter and the GT Notes, or (ii) severance of claims, is required to avoid unfair prejudice and promote efficiency, Plaintiffs' Motion proves little.  Its central argument—that the Opposing Parties are not entitled to defend the original disclosures at issue because the Restatement declares that those disclosures were erroneous (Ps' Mem. 4–9)—is contrary to law and in fact an improper end-run around summary judgment procedures, and is undercut by the Restatement's own shortcomings, the applicable accounting rules and the record evidence.  The Motion should be denied.

### A. Plaintiffs' Effort to Preclude the Opposing Parties' Defenses at Trial Is Without Precedent and Not Supported by the Decisions Cited in the Motion

The remedy that Plaintiffs seek—precluding the Opposing Parties from mounting any defense on falsity in the face of the Restatement—is unprecedented and contrary to law.

For one, Plaintiffs' cited cases each state some version of the wholly unremarkable proposition that a company issues a restatement only to correct material GAAP errors.  *E.g.*, *S.E.C. v. Kelly*, 663 F. Supp. 2d 276, 285 (S.D.N.Y. 2009) ("Additionally, under [GAAP], a restatement issues only when errors are material.").  Plaintiffs have not cited a ***single case*** purporting to show that, as an evidentiary matter, the mere fact that a company files a restatement serves as conclusive

7

proof that the company's previously issued filings were materially false—much less any case stating that parties are not permitted to contest the accuracy of a restatement. Indeed, none of the cases cited by Plaintiffs deals with evidentiary issues at all; each resolves either a motion to dismiss or a motion for class certification. *See, e.g.*, *id.* (motion to dismiss); *In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132 (S.D.N.Y. 2008) (motion for class certification); *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220 (S.D.N.Y. 2006) (both); *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430 (S.D.N.Y. 2005) (motion to dismiss); *In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474 (S.D.N.Y. 2004) (motion to dismiss).

Moreover, the cases that Plaintiffs cite explicitly note that a "restatement is **not an admission of wrongdoing**." *Kelly*, 663 F. Supp. 2d at 285 (emphasis added); *accord In re BISYS*, 397 F. Supp. 2d at 437 (same); *In re Atlas*, 324 F. Supp. 2d at 486 (same). At most, these decisions suggest only that a restatement may provide a sufficient basis to allege falsity at the pleading stage. *See Kelly*, 683 F. Supp. 2d at 285 ("The mere fact that financial results were restated is a sufficient basis for pleading that those statements were false and misleading."); *accord In re BISYS*, 397 F. Supp. 2d at 437 (same). Not a single case cited by Plaintiffs supports the extraordinary remedy sought by Plaintiffs' Motion: precluding a defendant from presenting evidence to contest the accuracy of a restatement at trial. For this reason, too, Plaintiffs' Motion should be denied.

Finally, the Motion, which argues that the Restatement "concedes the falsity elements" of Plaintiffs' claims (Ps' Mem. 4) and seeks to "preclude defendants from offering argument, documents, or testimony at trial" contrary thereto (*id.* at 12), is in reality a motion for partial summary judgment on the element of falsity in the guise of a motion *in limine*. Such an end-run around the rules governing motions for summary judgment is improper and should be rejected. *See Pavone v. Puglisi*, No. 08 Civ. 2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23,

8

2013) ("[A] motion *in limine* is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.").

> **B.    The Restatement Is the Result of a Flawed Process and Is Not Persuasive Evidence that the Original Disclosures Were False or Misleading**

Plaintiffs' argument begins with a false premise: that the Restatement conclusively establishes the falsity of the Company's original disclosures. Indeed, Plaintiffs characterize as "preposterous and illogical" the Opposing Parties' intended defense at trial that "ARCP's original financial statements were not materially misstated (as explicitly stated in the Restatement)." (Ps' Mem. 5.) Remarkably, Plaintiffs take this position without once acknowledging that the Opposing Parties have, throughout discovery, developed substantial evidence to prove their case:

*First*, the Restatement itself contains errors and inconsistencies. (*See* Omnibus Mem. at 8–9.) For example, different accountants working on different portions of the document classified identical post-merger fees in an inconsistent manner. (Soloway Decl. Ex. N, at 765:10–66:6.) Similarly, the Restatement altered the accounting treatment for certain expenses based on an inability to locate underlying documentation, but in fact the relevant documentation was readily available. (*Id*. at 756:6–57:22.) Indeed, Plaintiffs' own accounting expert conceded that the Restatement could contain errors. (Omnibus Declaration of Christopher L. Filburn in Opposition to Plaintiffs' Motions *in Limine* Nos. 5, 6, and 10 ("Filburn Decl."), Ex. A, at 291:4–92:7.)

*Second*, the Restatement's preparers were not independent third parties, but were biased and conflicted. Members of the Audit Committee also oversaw the original disclosures, and thus had significant motives to prepare the Restatement and related documents to manage risks and allocate blame. (*See* Omnibus Mem. 20–21.) In addition, a whistleblower, who worked on

9

the Restatement and was solely responsible for tens of millions of dollars in adjustments, had a personal financial interest in the outcome of those adjustments. (*See id*. at 21.)

*Third*, the meaning that Plaintiffs attribute to the Restatement is directly in conflict with the record evidence. No fewer than three fact witnesses testified that certain expenses were reclassified from merger-related to other line items in the Restatement following a change in policy by successor management. (*E.g.*, Soloway Decl. Ex. G, at 582:7–23; Filburn Decl. Ex. I, at 728:5–33:6; *id*. Ex. D, at 756:23–57:6.) Plaintiffs argue that such evidence should be precluded because the Restatement calls the reclassifications "error corrections" (Ps' Mem. 4–7), but do not and cannot point to ***any*** fact testimony that the reclassifications resulted from a determination that the prior classifications were errors rather than a discretionary change in policy.

The Restatement is not an unbiased, pristine record that proves falsity. It therefore is neither confusing nor misleading for the Opposing Parties to present evidence to the jury that (i) the original disclosures were accurate and (ii) certain Restatement adjustments are improper or the result of discretionary decisions. The Motion should be denied on this basis alone.

### C. Plaintiffs' Contention that the Restatement Proves the Falsity of the Original Disclosures Is Unsupported By the Accounting Rules, the Record, or the Law

In addition to lacking any basis in fact, Plaintiffs' argument to preclude the Opposing Parties' defenses at trial also relies on their assertions that, under both the "applicable accounting rules" and the "law of this Circuit," the Restatement is definitive proof that the alleged misstatements in this action were in fact errors. (*See id*. at 5–8.) These assertions have no basis in the accounting rules, in the record, or in the caselaw, and should be rejected.

Accounting Rules. Plaintiffs cite ASC 250 to argue that "the mere fact that ARCP filed the Restatements is an admission that the original filings contained material errors." (*Id*. at 6.) But ASC 250 applies only to "the process of revising previously issued financial statements"

10

governed by GAAP. (*Id*. at 6.) In this case, Plaintiffs' claims are that ARCP's previously reported AFFO—a non-GAAP metric *not* subject to ASC 250—was inflated. Indeed, the Restatement recognizes this distinction by describing the change to the Company's AFFO calculation as a "methodology adjustment" and not an "error correction." (Declaration of Debra J. Wyman, ECF No. 1008, Ex. 24, at 8052–53.) Auditors who worked on the Restatement confirmed that this is why alterations to the AFFO calculation were not reported in the Restatement's discussion of corrections to prior financial statements. (Filburn Decl. Ex. I, at 800:1–11.) ASC 250 therefore cannot be used to attribute *any* significance to "the mere fact that ARCP filed the Restatement" when assessing Plaintiffs' claims arising from the Company's prior AFFO disclosures.

        Record Evidence. Equally troubling is Plaintiffs' attempt to twist the accounting rules to claim that every single adjustment in the Restatement necessarily proves that there was a corresponding material error in the original disclosures. (S*ee* Ps' Mem. 5–8.) Even accepting the premise that under ASC 250 restatements are issued to correct errors (*e.g.*, *id.* at 6), it does not necessarily follow that every single adjustment in a restatement is evidence of a prior material error. In fact, the Restatement includes numerous adjustments that were not considered corrections of errors required under ASC 250, including changes in policy, *see supra*, and adjustments to immaterial items—as Plaintiffs' own accounting expert acknowledged. (*See* Filburn Decl. Ex. A, at 186:13–25 ("That's my understanding, what I've read, they included within the restatement immaterial amounts as part of the combined restatement.").) The Restatement also says as much. (*See* Wyman Decl. Ex. 24, at 8095 (noting that "the restatement reflects corrections of certain immaterial errors" and other adjustments "determined to be immaterial").) Thus, expert opinions that certain GAAP and non-GAAP disclosures in the original filings were appropriate are *not*

11

inconsistent with the possibility that some other GAAP error, not addressed by the experts,[1] resulted in the Company's decision to issue the Restatement.

    <u>Caselaw</u>. Finally, the string of cases in the Motion (Ps' Mem. 7–8), is irrelevant, as the cases stand only for the unremarkable proposition that GAAP restatements are issued to correct prior material accounting errors. (*See supra* Section II.A.) The decisions nowhere address the application of GAAP to a non-GAAP metric, nor do they reject that a restatement may contain a mix of material error corrections, immaterial corrections, and other discretionary adjustments. To the contrary, courts have recognized that restatements may contain various accounting adjustments, not all of which are corrections of material errors in prior financial disclosures. *See, e.g.*, *Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1189 (D. Nev. 2009) (noting that a company's restatement disclosed "various GAAP violations" as well as "other accounting errors which were initially found to be immaterial" and "other restatement adjustments").

### III. PLAINTIFFS' 'FAIRNESS' APPEAL CONFIRMS THAT THE RESTATEMENT SHOULD NOT BE ADMITTED IN EVIDENCE AND THAT THE OPPOSING PARTIES SHOULD BE PERMITTED TO CHALLENGE THE RESTATEMENT

    Finally, Plaintiffs' appeal to "fundamental fairness" should be swiftly dismissed. For one, Plaintiffs—who were provided access to millions of pages of documents concerning the original accounting decisions and financial disclosures, and who deposed dozens of witnesses on those same subjects—were fully capable of developing from this contemporaneous evidence the same record that led the Audit Committee to its conclusions in the Restatement, and they remain

---

[1] For example, the amended 2013 10-K includes as an "error correction" an adjustment to the "net loss attributable to non-controlling interests," which the Company's accounting expert acknowledged could have been both (i) an error and (ii) material. (Filburn Decl. Ex. E, at 149:21–50:15.) Of course, as Plaintiffs' accounting expert admitted, that potential material error resulted in a *decrease* to AFFO in the original reporting period (*id*. Ex. A, at 277:11–78:7), which is inconsistent with Plaintiffs' claims in this case that GAAP errors were made for the purpose of *increasing* AFFO.

fully able to present such evidence to a jury. Their inability or unwillingness to do so is not a basis for admission of unfairly prejudicial hearsay as a substitute. If anything, fairness requires that the Opposing Parties not be forced at trial to defend against such inflammatory and biased material. (*See* Omnibus Mem. Sections I, IV V (arguing for exclusion or severance).)

Moreover, as the Motion often does when conflating the Opposing Parties with those actually involved in the Audit Committee investigation, Plaintiffs claim that "Defendants" asserted privilege in discovery. (*See* Ps' Mem. 9–11.) But the Opposing Parties are in the exact same position as Plaintiffs with respect to ARCP's assertion of privilege over the investigation and the Restatement. (*See* Omnibus Mem. 9–11.) There is no basis to preclude the Opposing Parties from asserting their defenses as trial based on the invocations of privilege by other parties.

## CONCLUSION

For the reasons set forth above and in detail in the Omnibus Evidentiary Motion, the Court should deny Plaintiffs' Motion and preclude Plaintiffs from introducing at trial the Restatement, the SEC Letter, the GT Notes, and associated evidence, or should sever all claims against the Opposing Parties or otherwise bifurcate the trial.

Dated: New York, New York
August 16, 2019

Respectfully submitted,

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | KIRKLAND & ELLIS LLP |
| By: /s/ Lorin L. Reisner | By: /s/ James P. Gillespie |
| Theodore V. Wells Jr. | James P. Gillespie |
| Daniel J. Kramer | Beth Mueller (*pro hac vice*) |
| Lorin L. Reisner | |
| Audra J. Soloway | 1301 Pennsylvania Avenue, N.W. |
| Christopher L. Filburn | Washington, D.C. 20004 |
| | (202) 389-5000 |
| 1285 Avenue of the Americas | james.gillespie@kirkland.com |
| New York, NY 10019-6064 | |
| (212) 373-3000 | *Counsel for Defendant David S. Kay* |
| lreisner@paulweiss.com | |
| | |
| *Counsel for Defendant Nicholas S. Schorsch* | |
| | |
| KELLOGG, HANSEN, TODD FIGEL & FREDERICK, P.L.L.C | PETRILLO KLEIN & BOXER LLP |
| | By: /s/ Guy Petrillo |
| By: /s/ Reid M. Figel | Guy Petrillo |
| Reid M. Figel | Daniel Goldman |
| Andrew E. Goldsmith | Theresa Gue |
| Rebecca A. Beynon (*pro hac vice*) | |
| Bradley Oppenheimer (*pro hac vice*) | 655 Third Avenue, 22nd Floor |
| | New York, NY 10017 |
| 1615 M Street, N.W., Suite 400 | (212) 370-0330 |
| Washington, D.C. 20036 | gpetrillo@pkbllp.com |
| (202) 326-7900 | |
| rfigel@kellogghansen.com | *Counsel for Defendant Lisa Beeson* |
| | |
| *Counsel for Defendants AR Capital, LLC, ARC Properties Advisors, LLC, Edward M. Weil, Jr., Peter M. Budko, William M. Kahane, Brian D. Jones, and Scott Bowman* | |